```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA
```

FINO, ET AL.                                    CIVIL ACTION

VERSUS                                          NO: 07-4673

LOUISIANA CITIZENS INSURANCE                    SECTION: R(5)
COMPANY, ET AL.


## ORDER AND REASONS

Before the Court is defendant Imperial Fire and Casualty Company's motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure. (R. Doc. 20.)  For the following reasons, the Court GRANTS defendant's motion.

### I.   Background

Plaintiffs, Maria and Luis Fino, are policyholders of a Standard Flood Insurance Policy issued by defendant, Imperial Fire and Casualty Company, providing coverage for their Kenner, Louisiana residence.  (R. Doc. 20-3.)  As a result of Hurricane Katrina, plaintiffs' home sustained severe damage.  (R. Doc. 1.)  Plaintiffs filed a claim with defendant for benefits under their

policy, but were issued a letter denying coverage on November 25, 2005. (R. Doc. 20-3.) Plaintiffs' filed this suit on August 28, 2007, asserting claims under La. Rev. Stat. §§ 22:1220 and 22:658. (R. Doc. 1.) Defendant now moves for summary judgment.

**II.  Standard for Summary Judgment**

Summary judgment is appropriate when there are no genuine issues as to any material facts, and the moving party is entitled to judgment as a matter of law. *See* FED. R. CIV. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). A court must be satisfied that no reasonable trier of fact could find for the nonmoving party or, in other words, "that the evidence favoring the nonmoving party is insufficient to enable a reasonable jury to return a verdict in her favor." *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 178 (5th Cir. 1990) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986)). The moving party bears the burden of establishing that there are no genuine issues of material fact.

If the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its burden by merely pointing out that the evidence in the record contains insufficient proof concerning an essential element of the nonmoving party's claim. *See Celotex*, 477 U.S. at 325; *see also Lavespere*, 910 F.2d at 178. The burden then shifts

to the nonmoving party, who must, by submitting or referring to evidence, set out specific facts showing that a genuine issue exists. *See Celotex*, 477 U.S. at 324. The nonmovant may not rest upon the pleadings, but must identify specific facts that establish a genuine issue for trial. *See id.* at 325; *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir.1996).

**III. Analysis**

Defendant asserts that summary judgment is appropriate because plaintiffs failed to file suit within one year of the letter denying them coverage, and failed to file a Proof of Loss within one year of the date of the loss. Because it is undisputed that plaintiffs failed to file suit within a year of defendant's November 25, 2005 letter denying coverage, the Court grants summary judgment on that basis.

The National Flood Insurance Program ("NFIP") was created by Congress in 1968 to provide reasonable flood insurance to flood prone areas. *See Gowland v. Aetna*, 143 F.3d 1951, 953 (5th Cir. 1998). FEMA operates the program and can issue policies directly or through private insurers, such as Imperial, known as "Write Your Own" companies. *Id.* Whether FEMA or a "Write Your Own" company issues a policy, flood claims are paid directly from the federal treasury. *Id.*

Policies, including the policy issued by Imperial to

plaintiffs, are issued in the form of a Standard Flood Insurance Policy ("SFIP"), and no provision of the policy can be altered, varied, or waived without the express written consent of the Federal Insurance Administrator. *Id.*; 44 C.F.R. §§ 61.4(b), 61.13(d). Since pay outs from the policies implicate the federal treasury, provisions of the SFIP must be strictly enforced and construed. *Gowland*, 143 F.3d at 954; *Wright v. Allstate Insurance Co.*, 415 F.3d 384, 954 (5th Cir. 2005).

A suit to recover money for property loss due to flood damage may not be filed unless the insured "complied with all the requirements of the policy," 44 C.F.R. § 61, App. A(1), Art. VII(J),(R), including the requirement that any lawsuit regarding a claim under a flood insurance policy must be filed within one year after the date of the written denial of the claim. 44 C.F.R. § 61, App. A(1), Art. VII(R); 42 U.S.C. § 4072. This requirement applies "to any claim that [the insured] may have under [the SFIP] and to any dispute the insured may have arising out of the handling of any claim under the policy." *Id.* The clear language of the regulation bars a plaintiff from bringing suit more than one year after written denial of their claim, and numerous courts have found the one-year statute of limitations for flood policies stated in article VIII and 42 U.S.C § 4072 valid and enforceable. *See Battle v. Seibels Bruce Ins. Co.*, 288 F.3d 596, 604; *Hairston*

*v. Travelers Cas. & Sur. Co.*, 232 F.3d 1348 (11th Cir. 2000); *Kayser Properties, LLC v. Fidelity Nat'l Property & Cas. Ins. Co.*, No. 06-150, 2007 WL 1490693 (N.D. Fla. May 21, 2007)(time-limit applicable where proof of loss waiver in effect); *Parsons Footwear, Inc. v. Omaha Property & Cas. Ins. Co.*, 19 F. Supp. 2d 588 (N.D.W.Va. 1998); *Webb*, 1997 WL 433400.

It is uncontested that Imperial sent a letter to plaintiffs on November 25, 2005, denying coverage under plaintiffs' policy. (R. Doc. 20-13). Plaintiffs filed their Petition for Damages on August 28, 2007, (R. Doc. 1), well after the one-year deadline. As a consequence, plaintiffs' claim is not timely. Because the Court finds that plaintiffs' claim is time-barred, the Court does not address defendant's argument that plaintiffs failed to file a timely Proof of Loss.

**IV. CONCLUSION**

For the foregoing reasons, Imperial's motion for summary judgment is GRANTED and plaintiffs' claims against Imperial are DISMISSED.

New Orleans, Louisiana, this 13th day of November 2008.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE