UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

MARIE AND LUIS FINO                         CIVIL ACTION

VERSUS                                      NO: 07-4673

LOUISIANA CITIZENS FAIR PLAN,               SECTION: R(5)
ET AL.


**ORDER**

Before the Court is plaintiffs' motion for reconsideration of the Court's order granting summary judgment in favor of defendant Imperial Fire and Casualty Company. For the reasons stated below, plaintiffs' motion is DENIED.

**I.  Background**

Plaintiffs Marie and Luis Fino insured their Kenner, Louisiana home with a Standard Flood Insurance Policy issued by Imperial Fire and Casualty Company. As a result of Hurricane Katrina, the Finos' home was significantly damaged. The Finos filed a claim with Imperial for damages sustained under their policy, but were denied coverage. The Finos then sued Imperial

in the Eastern District of Louisiana, asserting claims under La. Rev. Stat. §§ 22:1220 and 22:658. On November 13, 2008, the Court granted summary judgment in favor of Imperial because the uncontested facts showed that the Finos did not file suit within one-year of Imperial's written denial of their claim. The Finos now move the Court to reconsider this Order.

**II. Legal Standard**

A court's reconsideration of an earlier order is an extraordinary remedy, which should be granted sparingly. *See Fields v. Pool Offshore, Inc.*, 1998 WL 43217, *2 (E.D. La. Mar. 19, 1998), *aff'd*, 182 F.3d 353 (5th Cir. 1999); *Bardwell v. George G. Sharp, Inc.*, 1995 WL 517120, *1 (E.D. La. Aug. 30, 1995). The Court must "strike the proper balance between the need for finality and the need to render a just decision on the basis of all the facts." *Edward H. Bohlin Co.*, 6 F.3d at 355. A moving party must satisfy at least one of the following criteria to prevail on a Rule 59(e) motion: (1) the motion is necessary to correct a manifest error of fact or law; (2) the movant presents newly discovered or previously unavailable evidence; (3) the motion is necessary in order to prevent manifest injustice; and (4) the motion is justified by an intervening change in the controlling law. *See Fidelity & Deposit Co. of Md. v. Omni Bank*, 1999 WL 970526, *3 (E.D. La. Oct. 21, 1999); *Burma Navigation*

*Corp. v. M/V Reliant Seashore*, 1998 WL 781587, at *1 (E.D. La. Aug. 14, 1998); *Fields*, 1998 WL 43217 at *2.

**III. Analysis**

The Finos' Standard Flood Insurance Policy required them to file any lawsuit within one year after a written denial of their claim. *See* 44 C.F.R. § 61, App. A(1), Art. VII(R); 42 U.S.C. § 4072. The Finos filed suit on August 28, 2007. Imperial moved for summary judgment on July 28, 2008, arguing that the Finos' claim was time-barred. In support, Imperial attached a letter addressed to the Finos stating that coverage under their policy was denied, dated November 25, 2005. Plaintiff now "wishes to correct an oversight and mistake in their Reply Memorandum and specifically deny ever receiving a denial letter from Defendant, a fact which should have been stated in the Statement of Contested Facts." Plaintiffs are too late. This is not a case where plaintiffs simply made a technical error by not denying an allegation in their statement of contested facts. Imperial argued at length that plaintiffs' claim was time-barred in its initial brief, *see* R. Doc. 20-2 at 10-12, and then specifically pointed out plaintiffs' lack of response in its Reply. *See* R. Doc. 24-3 at 2 ("The first issue Imperial would like to bring to the Court's attention is the fact that the Plaintiffs did not oppose, either in their memorandum in opposition or in their

3

statement of contested material facts, Defendant's argument that this matter is time barred"). Yet plaintiffs offered <u>no response</u> to this argument before judgment, and a Rule 59(e) motion "cannot be used to raise arguments which could and should have been made before the judgment issued." *Metropolitan Interconnect, Inc. v. Alexander & Hamilton, Inc.*, No. 04-2896, 2006 WL 1432365 at *2 (E.D.La. 6/17/2005)(*quoting Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 863 (5th Cir. 2003)

Plaintiffs also argue that *Kayser Properties, LLC v. Fidelity Nat'l Property & Cas. Ins. Co.*, No. 06-150, 2007 WL 1490693 (N.D.Fla. 5/21/07) supports their argument that summary judgment was inappropriate in this case. In *Kayser*, an insurer argued that the plaintiff's claim was time barred and attached a dated letter as evidence. The Court held that the insurer had not met its burden on summary judgment because it did not provide evidence showing the date the letter was *mailed.* The *Kayser* case does not represent "an intervening change in the controlling law" governing plaintiffs' claim. *See Fidelity & Deposit Co. of Md. v. Omni Bank*, 1999 WL 970526, *3 (E.D. La. Oct. 21, 1999); *Burma Navigation Corp. v. M/V Reliant Seashore*, 1998 WL 781587, at *1 (E.D. La. Aug. 14, 1998); *Fields*, 1998 WL 43217 at *2. While *Kayser* might have added some persuasive force to a timely argument against summary judgment, it is not enough to resurrect

4

plaintiffs' claim post-judgment. In any event, *Kayser* is distinguishable from this case. Here, Imperial's statement of uncontested facts states that it <u>sent</u> plaintiffs a denial letter on November 25, 2005 and plaintiffs failed to contest this. Under Local Rule 56.2 "all material facts set forth in the statement required to be served by the moving party will be deemed admitted, for purposes of the motion, unless controverted." By not contesting that Imperial mailed plaintiffs' denial letter on November 25, 2005, plaintiffs admitted this fact. Any analogy to *Kayser* ends there.

**III. Conclusion**

For the reasons states above, plaintiffs' motion for reconsideration is DENIED.

New Orleans, Louisiana, this 22nd day of January, 2009.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE